UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARCY OLLEN BULLINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>RETRIEVAL MASTERS CREDITORS BUREAU, INC.,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:17-cv-00325<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Now comes ARCY OLLEN BULLINGTON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of RETRIEVAL MASTERS CREDITORS BUREAU, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age and is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant identifies itself as "The leading Consumer recovery agency."[1] From its headquarters located at 4 Westchester Plaza, Suite 110, Elmsford, New York, Defendant is a third-party debt collector that is in the business of collecting consumer debts for others, including debt allegedly owed by Plaintiff.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10. On or around February 1, 2016, Plaintiff received a call from Defendant to his cellular telephone, (317) XXX-8236. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

---

[1] http://retrievalmasters.com/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8236. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. The phone number that Defendant has most frequently used to call Plaintiff from is (317) 942-3978. *See* Exhibit A.

13. Upon information and belief, the phone number ending in 3978 is regularly utilized by Defendant to contact consumers during its debt collection activity. *Id.*

14. During Defendant's call to Plaintiff, he was greeted with a recorded message asking him to stay on the line. After a few moments, a male representative of Defendant came on the line and informed Plaintiff that he was a debt collector. *Id.*

15. Defendant informed Plaintiff that it was seeking payment on behalf of Community Health Network ("CHN") for a medical bill in the approximate amount of $138.88 ("subject consumer debt"). *Id.*

16. Upon information and belief, CHN turned the collection of the subject consumer debt over to Defendant for collection after Plaintiff allegedly defaulted.

17. Plaintiff advised Defendant that the subject consumer debt was covered through insurance and instructed it to cease calling him. *Id.*

18. Following Plaintiff's demand to cease calling, Defendant has continued to call his cellular phone on nearly a daily basis. On some occasions, Defendant has called Plaintiff multiple times during the same day. *Id.*

19. For reference, from June 3, 2016 until October 11, 2016, Defendant called Plaintiff not less than 59 times. *Id.*

20. In total, Defendant has called Plaintiff not less than 100 times since being directed to stop. *Id.*

21. Defendant's calls became so frequent that Plaintiff incurred financial loss switching cellular phone carriers in order to put applications on my phone to block Defendant's number. *Id.*

22. Concerned over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

23. Plaintiff has incurred expenses that he would not have otherwise suffered if not for Defendant's calls, including the loss of cellular phone capacity.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

   a. **Violations of the FDCPA §1692c(a)(1) and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692c(a)(1), d and d(5) when it continuously called Plaintiff after being notified to stop. This repeated behavior deeply harassed and worsened Plaintiff's quality of life. Plaintiff conveyed to Defendant that he did not owe the subject consumer debt and demanded not to be contacted further. Defendant ignored these pleas and continued to call Plaintiff knowing it would be inconvenient and harassing him.

4

    b.  **Violations of the FDCPA § 1692e, e(8), and e(10)**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §1692e, e(8), and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. Despite being told that the subject consumer debt was covered by insurance and to cease contacting him, Defendant continued to relentlessly contact Plaintiff via automated calls. Defendant was notified by Plaintiff that its calls were inconvenient and harassing to him. Additionally, Defendant was notified the subject consumer debt was disputed. Yet it failed to convey Plaintiff's dispute to the credit bureaus it reports to. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via automated calls.

    c.  **Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being notified to stop calling is unfair and unconscionable behavior.

34. As pled in paragraphs 20 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ARCY OLLEN BULLINGTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

37. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The recorded message that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS. On its web-site Defendant boasts, "Our state of

the art call centers have all of the necessary tools for success in recovery through modern day software and hardware and we implement one of the most comprehensive training programs for our collectors."[2]

38. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to CHN, which Defendant will predictably assert transferred down to it, was explicitly revoked by Plaintiff's demands to cease calling his cellular phone.

39. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

40. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ARCY OLLEN BULLINGTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

---

[2] http://retrievalmasters.com/index.php

## COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

43. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

44. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

45. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

46. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

47. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was also specifically notified by Plaintiff that he did not owe the subject consumer debt and no longer wanted to be contacted. However, Defendant ignored these prompts in an abusive attempt to collect payment from Plaintiff.

48. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was

designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

49. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

50. Defendant's conduct is part of a purposeful and systematic scheme to illegally collect upon unsophisticated consumers who may not be aware of their rights. Defendant's conduct is an incurable deceptive act of which notice would not remedy.

51. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting him. The fact that Defendant was provided with notice to stop calling and refused to abide by that notice shows that its behavior is incurable. Additionally, Defendant made false and fraudulent representations to Plaintiff. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Indiana.

52. As pled in paragraphs 20 through 25, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, ARCY OLLEN BULLINGTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

    c.  Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

    d.  Enjoining Defendant to cease contacting Plaintiff; and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 31, 2017　　　　　　　　　　Respectfully submitted,

                                                        s/ Nathan C. Volheim
                                                        Nathan C. Volheim, Esq. #6302103
                                                        Admitted in the Southern District of Indiana
                                                        Sulaiman Law Group, Ltd.
                                                        900 Jorie Boulevard, Suite 150
                                                        Oak Brook, Illinois 60523
                                                        (630) 575-8181 x113 (phone)
                                                        (630) 575-8188 (fax)
                                                        nvolheim@sulaimanlaw.com